*No.* **A-CV-20-86**

## *Supreme Court of the Navajo Nation*

---

**In the Matter of: A.O., a minor child,**
**No. SR-AN-248-86**
**The Navajo Nation,** *Appellant,*
*vs.*
**Bryan O'Hare,** *Appellee.*
Decided February 10, 1987

---

# OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*William E. Miller, Jr., Esq. and Daryl June, Esq., Navajo Nation Prosecutor's Office, Window Rock, Arizona for the Appellant; James Jay Mason, Esq., Gallup, New Mexico for the Appellee.*

*Per Curiam.*

The Appellant, Navajo Nation through its Prosecutor's Office, appealed the dismissal of its Petition For Adjudication Of A Dependent Child by the Shiprock Children's Court. We granted the appeal to decide whether the Navajo Nation Children's Courts have jurisdiction over Child Dependency Petitions involving Navajo children, where the alleged conduct upon which the Petition is based, occurred outside the exterior boundaries of the Navajo Indian Reservation.

The Navajo-mother and Anglo-father are involved in a protracted custody dispute concerning the child in the state district court of New Mexico. The mother, who had been living in Albuquerque, New Mexico, took the child and returned with the child to the Shiprock area of the Navajo Nation in violation of a state court order. Shortly thereafter, the mother initiated the filing of a Petition For Adjudication Of A Dependent Child in Shiprock Children's Court.

On June 15, 1986, the Navajo Nation Prosecutor's Office filed the Petition alleging that the Navajo child had been sexually abused by the father, and that the alleged abuse had occurred in Albuquerque, New Mexico,

which is outside the exterior boundaries of the Navajo Indian Reservation. The Petition alleged that the Shiprock Children's Court had jurisdiction, pursuant to 9 N.T.C. §1055 (1985), of the Navajo Nation Children's Code. On June 30, 1986, the Shiprock Children's Court entered an ex-parte order giving temporary custody of the child to the Navajo Division of Social Welfare, and the Court also ordered that the child be made a ward of the Shiprock Children's Court.

On July 29, 1986,[1] the Appellee, Bryan O'Hare, moved to dismiss the Petition for lack of jurisdiction by arguing that the alleged sexual abuse was "committed in Albuquerque, New Mexico, which is beyond [the] jurisdiction of the Shiprock Children's Court of the Navajo Nation." Appellee's Motion to Dismiss, filed July 29, 1986. The Appellee also sought dismissal under the Uniform Child Custody Jurisdiction Act, because the Navajo Nation was not the home state of the child, because the child had not resided in Indian Country for six months. Appellee's Motion to Dismiss, filed July 29, 1986. The Appellee's Motion to Dismiss was taken under advisement and the next day, on July 30, 1986, the Shiprock Children's Court dismissed the Petition for lack of jurisdiction, and the child was released to New Mexico authorities.

The United States Supreme Court has said that Indian Tribal Courts must have the first opportunity to determine their jurisdiction. *National Farmers Union Insurance Cos., et al. v. Crow Tribe of Indians, et al.,* 471 U.S. 845, 105 S.Ct. 2447 (1985). Although that case dealt with the question of whether a federal district court had properly granted an injunction against execution of a tribal court judgment, the rule is equally applicable where, as here, actions concerning the child had been filed in three separate jurisdictions. One case is pending in the state court of New Mexico to determine the child's custody following a divorce. The other was an Application for a Writ of Habeas Corpus, filed in federal district court of New Mexico, to compel the Navajo Nation to release the child to its father, and to enjoin any proceedings in Shiprock Children's Court concerning the child. The third action is the dependency petition in Shiprock Children's Court, which is the subject of this appeal.

Regardless of the proceedings initiated in other jurisdictions involving the child, the Shiprock Children's Court had a duty to decide its jurisdiction. Our review of the Children's Court record, and specifically the order dismissing the Petition, leads us to conclude that the order was entered without finding facts necessary to determine jurisdiction. The order itself

1. On this same date, the presiding Judge of the Shiprock Children's Court was served with Summons and an Application for a Writ of Habeas Corpus and Injunction, which had been filed by the Appellee in the United States District Court for the District of New Mexico. The hearing on the application for the Writ and Injunction had been scheduled for August 1, 1986 in Albuquerque, New Mexico.

does not contain findings of fact which would justify dismissing the Petition for lack of jurisdiction.

A preliminary inquiry for a Navajo Nation Children's Court is to decide whether it has subject matter jurisdiction of the case. Subject matter jurisdiction over child dependency cases is vested in the Navajo Nation Children's Courts by virtue of 9 N.T.C. §1055(1) (1985): "The Children's Court shall have exclusive original jurisdiction of all proceedings under the Children's Court in which a child is alleged to be a . . .dependent child. . . ." At 9 N.T.C. §1002, subsection 15(E) (1985), a dependent child is defined as one "who has been. . .sexually abused by his parent. . . ." Thus, the Navajo Nation Children's Court must decide if the petition alleges that the minor is a dependent child. In this case, the Petition of the Navajo Nation has alleged that the child has been subjected to sexual abuse by the father. The Shiprock Children's Court therefore has subject matter jurisdiction over the Navajo Nation's Petition.

The inquiry then shifts to 9 N.T.C. §1055(4) (1985), to determine whether the Navajo Nation Children's Court has jurisdiction over the child. The first part of §1055(4) deals with jurisdiction over custody matters. We will not discuss custody in this appeal. Our concern is the final part of §1055(4) which determines whether the Shiprock Children's Court has jurisdiction over the dependency petition involving the child, A.O. The statute reads as follows: "The Children's Court shall have exclusive jurisdiction over any Navajo child who resides or is domiciled within the borders of Navajo Indian Country, or who is a ward of the Children's Court." 9 N.T.C. §1055(4) (1985). The parties have acknowledged that the child is of one-half blood Navajo, and the child is enrolled in the Navajo Tribe. With these undisputed facts, we can only conclude that A.O. is a Navajo child for purposes of §1055(4).

Based upon the record before us, we are unable to determine either the residence of the child, the domicile of the child, or whether the child was properly made a ward of the Children's Court, pursuant to 9 N.T.C. §1405 (1985). Lacking these crucial findings of fact, we are unable to decide whether the Shiprock Children's Court had jurisdiction over the dependency petition concerning the child, A.O.

Nonetheless, we must set this rule to guide the Navajo Nation Children's Courts: In a dependent child case under the Navajo Nation Children's Code, if any of the factors (residence, domicile, ward of court) in 9 N.T.C. §1055(4), is proven by a preponderance of the evidence, then the Children's Court has jurisdiction over the Navajo child, even where the alleged conduct giving rise to the petition occurred outside the exterior boundaries of the Navajo Indian Reservation. The rule we have established is justified in light of the Navajo Nation's recognized interest in its children. Congress, in the Indian Child Welfare Act, 25 U.S.C. §1901(3), 9 STAT. 3069 (1978), has

found "that there is no resource that is more vital to the continued existence and integrity of Indian Tribes than their children. . . ." The most precious resource of the Navajo Nation is indeed its children. Having recognized this, the Navajo Tribal Council enacted the Navajo Nation Children's Code, to protect this vital resource of the Navajo Nation.

The order dismissing the Petition is reversed, and the case is remanded to the Shiprock Children's Court to determine if any of the factors in §1055(4) exists, and for proceedings consistent with this Opinion.